UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINA DOU, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TD BANK, N.A.,<br><br>Defendant. | **No. 23-cv-4880 (JPO)** |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, on March 13, 2026, the Court certified a class pursuant to Rule 23(b)(3), appointed Plaintiffs, Lina Dou, Tingyang Shao, Yixuan Tao, Xiuqin Xing, Emmy Go, Yanming Wang, Shiyang Xiao, Lihong Zhan, Geli Shi, and Ying Yao (collectively, "Plaintiffs"), as class representatives, and appointed Levin-Epstein & Associates, P.C. and Glen J. Dunn & Associates, Ltd. as class counsel (ECF No. 201) ("Class Counsel");

WHEREAS, Plaintiffs, individually and on behalf of the certified class, and Defendant, TD Bank, N.A. ("TD Bank"), entered into a Settlement Agreement dated September 28, 2026 (the "Settlement Agreement");

WHEREAS, Plaintiffs moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order: (a) preliminarily approving the proposed settlement; (b) approving the proposed Notice and manner of dissemination; (c) approving the proposed Plan of Allocation; (d) appointing Analytics Consulting LLC as Settlement Administrator; (e) establishing procedures and deadlines for exclusions, objections, the fee application, and final-approval submissions; and (f) scheduling a final fairness hearing;

WHEREAS, the Court has reviewed the Settlement Agreement and its exhibits, Plaintiffs' memorandum of law, the declarations of Joshua Levin-Epstein, Esq. and Glenn Dunn Jr., Esq., the proposed Notice, the proposed Plan of Allocation, and the record in this action; and

WHEREAS, capitalized terms not otherwise defined in this Order have the meanings assigned to them in the Settlement Agreement and the Plan of Allocation;

**NOW, THEREFORE, IT IS HEREBY ORDERED as follows:**

## I. Preliminary Approval of Settlement

1. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement filed with the Court, falls within the range of reasonableness and, therefore, meets the requirements for preliminary approval such that notice to the class is appropriate.
2. The class previously certified by the Court pursuant to Rule 23(b)(3) remains certified for purposes of notice, settlement, and entry of judgment on the proposed settlement. Plaintiffs shall continue to serve as class representatives, and Levin-Epstein & Associates, P.C. and Glen J. Dunn & Associates, Ltd. shall continue to serve as Class Counsel. Nothing in this Order alters the Court's March 13, 2026, certification order.
3. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and the class's claims.
4. The work Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.
5. Based on the present record, the Court finds that it will likely be able to approve the settlement as fair, reasonable, and adequate under Rule 23(e)(2). The settlement resulted from informed, non-collusive, arm's-length negotiations after extensive investigation, discovery, motion

practice, expert proceedings, class-certification litigation, and preparation for trial, and with the assistance of the Honorable Steven M. Gold (Ret.).

6. The Settlement Agreement and the settlement embodied therein are preliminarily approved, subject to further consideration at the Final Approval Hearing.

7. The proposed Plan of Allocation is preliminarily approved as fair, reasonable, equitable, and readily administrable.

8. Analytics Consulting LLC is appointed as Settlement Administrator. The Settlement Administrator is authorized and directed to perform the notice, administration, tax-reporting, calculation, payment, recordkeeping, and related duties assigned to it by the Settlement Agreement, the Plan of Allocation, this Order, and any further order of the Court.

9. TD Bank shall pay $9,900,000 into the Settlement Fund in accordance with the Settlement Agreement. Subject to Court-approved deductions, the Net Settlement Proceeds shall be divided equally among Participating Class Members in accordance with the Plan of Allocation. Participating Class Members shall not be required to submit claim forms to receive their distribution.

10. Analytics Consulting LLC is authorized to administer the qualified settlement fund, obtain a taxpayer identification number, maintain the settlement account, satisfy applicable tax-reporting obligations, and undertake the other duties required by the Settlement Agreement and this Order.

11. No later than seven (7) calendar days before Plaintiffs' final-approval submission is due, the Settlement Administrator shall provide Class Counsel with a declaration describing the implementation of the notice program; the number of Notices mailed, returned, and re-mailed;

the number remaining undeliverable; and all exclusion requests, objections, and other responses received.

12. TD Bank shall comply with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715. No order granting final approval shall be entered before expiration of the period prescribed by 28 U.S.C. § 1715(d).

**II. Notice**

13. The Court finds that the procedures for notifying the Rule 23 Class about the settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and directs mailing and email of the Notice in accordance with the Settlement Agreement.

14. The Court approves, as to form and content, the Notice.

15. The proposed Notice satisfies Rule 23(c)(2)(B) and adequately describes what the case is about, the definition of the class, options that class members have, including participation in the settlement, opting out and objecting, the release of claims, and how to obtain additional information. The proposed Notice also describes the terms of the settlement, the potential payment of attorneys' fees as well as the service awards, and provides specific information regarding the date, time, and place of the final approval hearing.

16. The Settlement Administrator is authorized to send the Notice in substantially the form approved, after they are updated with the appropriate dates, deadlines, and amounts, consistent with the Settlement Agreement and this Order, to the applicable class members as provided in the Settlement Agreement.

## III. Class Action Settlement Procedure

17. The Court hereby adopts the settlement approval process as set forth in the Settlement Agreement.

18. No later than fifteen (15) calendar days after entry of this Order (the "Notice Date"), the Settlement Administrator shall cause the Court-approved Notice to be sent in English and Mandarin by email and international first-class mail to each class member located outside of the United States and by first-class United States mail to each class member located in the United States, using the most current email and physical address reasonably available. The Settlement Administrator shall undertake reasonable efforts to update addresses and re-mail Notices returned as undeliverable.

19. Class Counsel shall file their motion for attorneys' fees, reimbursement of litigation expenses, and service awards no later than fourteen (14) calendar days before the Exclusion and Objection Deadline. Class Counsel may seek attorneys' fees not exceeding 33⅓% of the Settlement Fund, reimbursement of reasonable litigation expenses, and service awards not exceeding $2,500 for each of the ten named Plaintiffs. No such amounts are approved by this Order.

20. A class member who wishes to be excluded from the class and the settlement must submit a written request for exclusion in the form and manner stated in the Notice so that it is received no later than forty-five (45) calendar days after the Notice Date. A class member who submits a valid and timely request for exclusion shall not receive a settlement distribution and shall not be bound by the settlement, including the releases and judgment contemplated therein. A class member who does not submit a valid and timely request for exclusion shall remain a member

of the class and, if the settlement is finally approved, shall be bound by the settlement, including the releases and judgment contemplated therein.

21. Any class member who has not requested exclusion may object to the settlement, the Plan of Allocation, the requested attorneys' fees and expenses, the proposed service awards, or any other matter to be considered at the Final Approval Hearing. Any objection must comply with the requirements stated in the Notice and must be received by the Settlement Administrator no later than the Exclusion and Objection Deadline. The Settlement Administrator shall provide all timely objections to the parties, and Class Counsel shall file them with the Court within three (3) days after the Exclusion and Objection Deadline.

22. The Court will conduct a fairness hearing, pursuant to Rule 23(e) on February 16, 2027 at 12:00pm (phone number (855) 244-8681; attendee ID 23128287066), for the purposes of: (a) hearing any timely and properly filed objections; (b) making a final determination as to the fairness, adequacy, and reasonableness of the Settlement Agreement terms and procedures; (c) fixing the amount of attorneys' fees and litigation costs and expenses to Class Counsel and the service awards; and (d) entering Judgment, if appropriate. The fairness hearing may be continued without further notice to the class members. Plaintiffs shall file their motion for final approval of the settlement, and Class Counsel shall file their motion for attorneys' fees and litigation costs and expenses, and service awards within 90 days of this Order.

23. The following dates shall govern the schedule in this action:

Schedule. The following schedule shall govern the settlement-approval process:

| **Event** | **Deadline** |
|---|---|
| Mailing and emailing of Notice | October 23, 2026 |

| | |
|---|---|
| Exclusion and Objection Deadline | November 20, 2026 |
| Final-approval motion | December 10, 2026 |
| Final Approval Hearing | February 16, 2027 |

**IT IS SO ORDERED.**

Dated: October 8, 2026

New York, New York

J. PAUL OETKEN
United States District Judge